# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

February 1, 2008

135185 & (11)

In re Board of Trustees of Michigan State
University
_____

BOARD OF TRUSTEES OF MICHIGAN STATE
UNIVERSITY,
      Plaintiff-Appellant,

v

COURT OF CLAIMS JUDGE,
      Defendant-Appellee,
and

JOSEPH HINZ, Personal Representative,
      Intervening Party-Appellee.

_____/

SC: 135185
COA: 280103
Ct of Claims: 07-000026-MZ

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the September 21, 2007 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we DIRECT the Court of Claims to rule on the defendant Board's motion for summary disposition, filed in Docket No. 07-000026-MZ, within 21 days of the date of this order. In ruling on the motion, the Court of Claims shall not enter another order merely stating that the motion is neither granted nor denied. Instead, the Court of Claims shall enter an order that decides the motion itself.

We do not retain jurisdiction.

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent from the order directing the Court of Claims to rule on the defendant's motion for summary disposition.

I would deny leave to appeal because the Court of Appeals properly denied the complaint for superintending control because the plaintiff had an adequate legal remedy in the underlying suit. See MCR 7.203(B)(1) and (4) and MCR 2.116(J)(2)(a).

Writs for superintending control are governed by MCR 3.301, 3.302, 7.206 (Court of Appeals), and 7.304 (Supreme Court). "If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed." MCR 3.302(B). "When an appeal in the Supreme Court, the Court of Appeals, the circuit court, or the recorder's court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed." MCR 3.302(D)(2). Superintending control is an extraordinary remedy generally limited to determining whether a lower court exceeded its jurisdiction, acted in a manner inconsistent with its jurisdiction, or failed to proceed according to law. *Dep't of Public Health v Rivergate Manor*, 452 Mich 495 (1996).

KELLY, J., joins the statement of WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

Clerk

t0129