NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0317n.06

No. 12-1825

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 01, 2013*
DEBORAH S. HUNT, Clerk

CURTIS GOODMAN,                                    )
                                                   )
    Petitioner - Appellant,                        )
                                                   )
        v.                                     )        ON APPEAL FROM THE
                                                   )        UNITED STATES DISTRICT
DUNCAN MACLAREN,                                   )        COURT  FOR  THE  EASTERN
                                                   )        DISTRICT OF MICHIGAN
    Respondent - Appellee.                         )
                                                   )

BEFORE:  KEITH, COLE, and ROGERS, Circuit Judges.

**PER CURIAM**.  This case asks whether admittedly ineffective assistance of counsel for failure to object to hearsay was prejudicial in a case of one person's word against another's.  In Michigan state court Petitioner Curtis Goodman was charged with four counts of first degree criminal sexual conduct and one count of second degree criminal sexual conduct.

Multiple witnesses testified during Goodman's trial, including the minor complaining witness and Petitioner himself.  Three witnesses recounted hearsay statements that the minor victim told them about Goodman's alleged sexual abuse.  Throughout the testimony, Petitioner's trial counsel made no objection to the hearsay.  Additionally, the prosecution asked one witness to give her opinion regarding the minor complaining witness' veracity.  This time, Petitioner's counsel objected to the opinion testimony before it was offered, but the objection was overruled.  Petitioner's counsel also stipulated to the testimony of a responding officer, which also included hearsay statements from the minor complaining witness.  After testimony concluded and summations were given, the case

was submitted to the jury, which found Goodman guilty of all the counts as charged. Petitioner was ultimately sentenced to 180 to 600 months in prison.

Goodman appealed to the Michigan Court of Appeals, alleging, among other things, ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), for trial counsel's failure to object to the admission of the numerous hearsay statements and the admittance of the opinion testimony.

The state court of appeals found that while counsel's failure to object to the hearsay was ineffective assistance, Petitioner was not prejudiced for two reasons. First, the court concluded Goodman was not prejudiced because the affected witnesses would have "likely testified that they took certain actions as a result of what they learned from the victim" and that this "would tend to show that the victim told them about the alleged sexual abuse and that they believed him."[1] *Michigan v. Goodman*, No. 269620, 2007 WL 2429227, at *4 (Mich. Ct. App. Aug. 28, 2007), *aff'd in part and vacated in part on other grounds*, 743 N.W.2d 890 (Mich. 2008). Second, the state court found that Goodman was not prejudiced because the minor complaining witness' own testimony was independently sufficient to support Goodman's guilt since the minor "was old enough to have had a clear understanding of what was happening to him [when he was allegedly abused] and his testimony was competent and consistent." *Id*. The Michigan Supreme Court summarily affirmed. *Michigan v. Goodman*, 743 N.W.2d 890 (Mich. 2008).

---

[1] Goodman complains the state court improperly speculated regarding what the evidence would have been had counsel objected to the hearsay. However, this was not unreasonable for the state court to do. In fact, *Strickland* instructs reviewing courts to "tak[e] the unaffected findings as a given and tak[e] due account of the effect of the errors on the remaining findings" in order to determine if a defendant has met the proper burden of proof. *Strickland*, 466 U.S. at 696.

Petitioner timely filed the present habeas petition in federal district court. The district court found that the Michigan Court of Appeals' decision was not objectively unreasonable in its analysis under *Strickland* and thus, denied the petition. However, the district court granted Goodman a certificate of appealability on the ineffective-assistance-of-counsel claim. He timely appealed to this Court.

Goodman asserts that the Michigan Court of Appeals' conclusion was unreasonable because his conviction hinged on the jury finding that he was less credible than the complaining witness. Specifically, Goodman argues that the testifying witnesses' detailed repetition of the complaining witness' version of events served to corroborate, with particularity, the complaining witness' testimony.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in denying Goodman's petition. The district court correctly set out the applicable laws and correctly applied those laws to the undisputed material facts contained in the record. Thus, issuance of a full written opinion by this Court would serve no jurisprudential purpose. Therefore, we **AFFIRM** the judgment of the district court for the reasons articulated in the district court's well-reasoned opinion.[2]

---

[2] Petitioner argues that the state court required him to meet the wrong standard because it said that "there [was] no indication that the absence of the hearsay statements in question would have tipped the scales in defendant's favor." *Goodman*, 2007 WL 2429227, at *4. Goodman argues that this means the state court applied a preponderance, or more-likely-than-not standard to the prejudice inquiry rather than the reasonable probability standard of proof required under *Strickland*. Regardless of the standard applied, Goodman has not shown that the likelihood of a different result was substantial. *See Harrington v. Richter*, 131 S. Ct. 770, 792 (quoting *Strickland*, 466 U.S. at 693) ("[T]he difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.' The likelihood of a different result must be substantial, not just conceivable."); *Strickland*, 466 U.S. at 697, ("With regard to the prejudice inquiry, only the strict outcome-determinative test . . . imposes a heavier burden on defendants than the [reasonable probability standard].").